Okey, J.
In Durbin v. Fisk, 16 Ohio St. 533, it was pi’operly held, that “ a plaintiff can recover only on the causes of action stated in his petition. It is not the province of a reply to introduce new causes of action. This can only be done by amendment of the petition.” If causes have sometimes been so presented, on error, that a court was uuwilling to reverse, although they had been tried on the issues made by the answers and replies, this has never been done unless it plainly appeared that the departure had occasioned no prejudice, and that to give effect to the issue thus made would be in furtherance of justice. There is also a class of cases in which it has been held that a defective statement in a petition may be aided by averment in a subsequent pleading. Erwin v. Shafer, 9 Ohio St. 43; Dayton Insurance Company v. Kelly, 24 Ohio St. 345, 357. But this case does not fall within any such exception to the rule; and, therefore, Titus’ right to recover must rest alone on the ease made in the petition.
By the code of civil procedure, in which the common law forms of pleading were abolished, the petition, answer and reply must contain facts, concisely stated. If, as is sometimes the case, a cause of action may be properly set ioi’th in a petition in substantially the same form as in a *257 declaration, it is not because of the sufficiency of the pleading under the former system, but for the reason that its language is in accordance with the facts in the particular case. In this case the petition is, substantially, in the form of a count in a declaration in assumpsit or debt for money had and received. If the contract between Titus and the company is subsisting, it is quite clear there can be no recovery upon this petition, for it can not be regarded as founded on the written contract. Swan’s PI. and Pr. 57; and see Bliss on PL, § 156 et seq. But if the contract has been terminated, and the only thing that remains to be done is for the company to pay and Titus to receive $10,000, with interest, there can be no objection to a recovery under this petition.
Titus testified, in substance, that after he had paid to the company $4,000, in pursuance of the contract, and the letter of the secretary of state had been received, it was agreed between him and the company, ih April, 1870, that if he paid the balance, the company would refund to him the $10,000, with interest, if it failed to deliver to him increased stock to that amount within a reasonable time. This is denied by the company, and the evidence upon the question is conflicting. It is not denied, however, that the balance of the money was paid by Titus; that more than three years had elapsed from that time before this suit was brought; and that the capital stock of the company has never been increased.
The ground upon which the district court reversed the judgment of the court of common pleas is not stated in the record. It may have been upon the ground that, in the opinion of that court, the parties had, according to the weight of evidence, put an end to the contract, and hence that Titus might recover on this petition. Assuming that to have been the ground, as in our opinion we' may, we do not find it necessary to determine whether, in. so holding, the district court was clearly right. In Schaeffer v. Marienthal, 17 Ohio St. 183, it was held that this court had *258 authority to reverse a judgment of reversal rendered by the district court, although the cause had been remanded to the court of common pleas for a new trial. The correctness of that holding is no longer an open question, for the decision has been repeatedly followed (Craig v. Chambers, 17 Ohio St. 253 ; Hammond v. Hammond, 21 Ohio St. 620; Dean v. King, 22 Ohio St. 118; Texas B. Association v. Aurora, etc., Ins. Co., 34 Ohio St. 291), and the legislature has twice re-enacted, without change, the statutory provisions on which the decision was founded. Rev. Sbat., §§ 6707-6710. But these cases show that where the court of common pleas overrules a motion for a new trial, based on the ground that the verdict is not supported by the evidence, and the district court reverses the judgment for that reason, and remands the cause for a new trial, this court will not reverse the judgment of reversal, “ unless it clearly appears that the verdict was sustained by the evidence.” And this rule has greater fofee in a ease like this, where doubts may well be entertained whether the lengthy and somewhat confused charge did not mislead the jury.
The view we have taken of this case renders it unnecessary that we should determine the important questions discussed by counsel, or express any opinion as. to the real merits of this case in any particular.

Judgment affirmed.